S. MILLER COLD STORAGE COMPANY. Plaintiff in error, vs. THE STATE, Defendant in error.

*February 10—March 6, 1928.*

*Warehousemen: Records required to be kept of food in cold storage.*

1. A conviction under sec. 111.04, Stats., for failing to keep accurate records of articles of food received in and drawn from a cold-storage warehouse, must be based on a violation of the provisions of the statute unenlarged by any rule or interpretation of the dairy and food commissioner.  p. 362.

2. An account kept in the office of a cold-storage company of the ownership of various eggs included in each lot in the warehouse and against which the eggs were charged as they were withdrawn, sufficiently complies with the requirements of sec. 111.04, Stats., although the ownership was not indicated on the cold-storage inventory and a record of the dates when the eggs were received into storage was not kept.  p. 363.

ERROR to review a judgment of the county court of Wood county: CRAIG P. CONNOR, Judge. *Reversed.*

Complaint filed February 18, 1926. Judgment entered January 14, 1927. Plaintiff in error, hereinafter called the defendant, was convicted of violation of sec. 111.04, Stats., being a part of the Uniform Cold Storage Act (ch. 111). Defendant was found guilty under twenty-one counts and was fined $3,150, with costs. Defendant seeks review of the judgment.

Other facts are stated in the opinion.

For the plaintiff in error there was a brief by *Goggins, Brazeau & Graves* of Wisconsin Rapids, and oral argument by *R. B. Graves.*

For the defendant in error there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

ROSENBERRY, J.   Sec. 111.04, Stats., under which defendants were prosecuted, provides:

"Every such licensee shall keep accurate records of the articles of food received in and of the articles of food with-

drawn from his cold-storage warehouse, and the dairy and food commissioner shall have free access to such records at any time."

Cold-storage warehouse is defined by the act as "Any place artificially cooled to or below a temperature above zero of forty-five degrees Fahrenheit, in which articles of food are placed and held for forty days or more."

In the argument reference was made to certain rules and regulations made by the dairy and food commissioner. The penalty provision of the statute is as follows: "Any person, firm or corporation violating any provision of this chapter shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished," etc.

It is to be noted that the statute provides no penalty for the violation of any rule made by the dairy and food commissioner, who is authorized to make all rules and regulations necessary to carry the chapter into effect. We must consider the case on the basis of the statutory provisions, unenlarged by any rule or interpretation of the dairy and food commissioner.

The defendant kept a storage inventory. As the eggs were graded and passed into the cold-storage warehouse the cases were labeled and numbered and the date of entry indicated thereon. They were stored in lots of from 100 to 400 cases. An account was kept in the office of the company of the ownership of the various eggs included in each lot, but the ownership did not appear upon the cold-storage inventory. When the eggs were withdrawn from the warehouse they were charged against the lot from which they were taken and the date of withdrawal indicated.

It is the contention of the state that the defendant violated the statute by failing to keep an accurate account of the date when the cold-storage goods were received upon the premises; second, by failing to keep an accurate record in the cold-storage warehouse account of the ownership of

S. Miller Cold Storage Co. v. State, 195 Wis. 361.

the goods stored. We are unable to find any provision of the statute which requires the warehouseman to keep an account of the date upon which the goods were received upon the landing platform or parts of his premises other than into the cold-storage warehouse as defined by sec. 111.04. Each licensee is required to submit a monthly report to the dairy and food commissioner setting forth in itemized particular the quantity of food received in, delivered from, and remaining in his cold-storage warehouse. Nothing is said about ownership, nothing about the date of receipt upon the premises. Nor do we find anything in the act which requires the warehouseman to keep a separate account of the ownership of eggs stored in a cold-storage warehouse. Such a record is required by regulation 11 of the dairy and food commissioner, but, as before indicated, the statute provides no penalty for violation of rules made by the dairy and food commissioner. Furthermore, it appears in this case that there was an ownership record; that if the inspectors had asked one more question at the time of their visit the ownership of each particular lot of eggs would have been disclosed by the record kept. Manifestly it is to the interest of the public as well as all other parties concerned that warehousemen and the department charged with the administration of the law should co-operate so as to procure the desired results. In our determination of the issues presented upon this review, however, we are bound by the letter of the statute. If the statute is not comprehensive enough to require the keeping of records, which it is necessary for the department to have in order to carry the law into effect, it must be enlarged by amendment. The court cannot enlarge it by construction.

*By the Court.*—The judgment of the county court of Wood county is reversed, and the cause remanded with directions to dismiss the complaint.